RICHARDS v. HALIDAY et al.

(Circuit Court, D. New Jersey. March 6, 1899.)

1. CORPORATIONS—INSOLVENCY—FRAUDULENT CONVEYANCE.
Where a corporation was a going concern at the time it executed a conveyance to secure certain creditors, evidence that at that time it had not sufficient cash to meet its matured obligations is not sufficient to show that it was insolvent, so as to render the conveyance fraudulent as to creditors.

2. SAME—DIRECTORS—TRUSTEES FOR CREDITORS.
Directors of an insolvent corporation are trustees for its general creditors, and hence a mortgage by a corporation to directors by which a preference would be created in their favor over general creditors is invalid.

3. SAME—MORTGAGE TO DIRECTOR—RECEIVER'S SALE—EFFECT.
Where a receiver of an insolvent corporation took no steps to have a mortgage of its assets to a director declared void as an illegal preference, but sold such assets subject thereto, the lien of the mortgage is not devested by the sale.

4. SAME—PURCHASER'S RIGHT TO VACATE.
Where, by a receiver's sale of a corporation's assets subject to a mortgage in favor of a director, general creditors of the corporation were deprived of their right to receive any part of the fund which would follow the invalidating of such mortgage as a preferential conveyance in fraud of creditors, the purchaser at a sale who was also an officer of the corporation has no standing in equity to maintain a suit to set it aside.

5. SAME—JUDGMENT CREDITORS—SUBROGATION.
Where judgment creditors of a corporation permit a receiver's sale of its assets subject to a mortgage to a director, creating fraudulent preferences, to be confirmed without objection, they have no rights, as against the mortgagee, to which the purchaser at the sale could be subrogated under an assignment of their claims.

Joseph D. Gallagher, for complainant.
Frederick W. Ward, for defendants.

KIRKPATRICK, District Judge. In April, 1893, the National Time-Stamp Company was, under proceedings begun in the court of chancery of New Jersey, declared to be insolvent, and Chauncey G. Parker, Esq., was appointed receiver. He duly qualified, and entered upon the duties of his office. By a decree of the said court of chancery, the said receiver sold, at public sale, all of the assets of the said company, "subject to all chattel mortgages, judgments, and other liens thereon, subject to confirmation by the chancellor." At such sale, Willard Richards, the complainant herein, was the purchaser, for the sum of $1,000. The sale was reported to the chancellor, and by him confirmed. It appears, from the agreed state of the case, that the said Richards, at and before the time of said sale, had actual notice of the existence of the mortgage given by said company to Frank H. Haliday, recorded in the office of the register of the county of Essex on October 22, 1892, and that said mortgage was claimed to be a lien on said property, and that, at the time of its execution, Haliday was an officer and director in the company. It also appears, from the record, that in August, 1892, the National Time-Stamp Company made its certain promissory notes, which were indorsed by the complainant, Richards, and discounted by certain banks, for the purpose of raising funds with which to pay creditors of the corporation, and among them the complainant, Richards, who was then the pres-

ident of the corporation, and the defendant Haliday, its treasurer. When these notes matured, they were paid by the complainant, Richards, and afterwards suit was brought against the company in the name of the banks by whom they had been discounted, and judgment entered thereon. To these suits the complainant was not a party. The sale of the company's property by the receiver was made expressly subject to the lien of these judgments, as has been stated. The bill of complaint in this cause is now filed by Willard Richards, the purchaser at the receiver's sale, to set aside, upon the grounds that, at the time of its execution, the corporation was insolvent; that it was given to Haliday, who was a director in the company, for the purpose of securing an antecedent debt. The questions for the determination of the court are whether, under the circumstances, as shown by the record, the complainant, Richards, either as the purchaser at the receiver's sale or as the indorser of the company's notes, upon which judgment has been obtained by the banks, is entitled to have the Haliday mortgage declared void as against him, and Haliday and his assigns enjoined from taking possession of the goods described therein, or interfering with Richards' possession of same on account of said mortgage. The evidence in the case fails to satisfy me that, at the time of the authorization and execution of the mortgage, the company was insolvent; that its assets were not equal in value to the amount of its debts. True, it had not in hand sufficient cash to meet its matured obligations, but that by no means demonstrates that, to a going concern, its assets would not have been worth much more than its debts. The witness on the part of the complainant who testifies to the insolvency of the corporation as of November 14, 1892, admits that he took no account of the value of the machinery belonging to the company, nor of its tools, fixtures, stock on hand and in process of manufacture, nor of its book accounts or patents. All of these were entitled to be considered in determining the solvency of the corporation. Atlantic Trust Co. v. Consolidated Electric Storage Co., 49 N. J. Eq. 402, 23 Atl. 934. The book accounts alone amounted to upward of $3,000. That nothing was collected from them by the receiver months afterwards, when the company was known to have suspended business, is no index of their value to a going concern. It may, however, be admitted that the company was insolvent, and that the purpose of the directors in authorizing the execution of the Haliday mortgage was to prefer the claim of Haliday,—one of themselves; but it does not necessarily follow that the effect of such intent was to render the mortgage void. Savage v. Miller, 56 N. J. Eq. 432, 39 Atl. 665. As between the director who took, and the company which gave, it, the mortgage was undoubtedly void. Jones, Mortg. § 630. It is well settled that directors of a corporation are trustees for the general creditors, in cases of insolvency, and may not prefer one above another, nor be permitted to make any disposition of the company's property by which a preference would be created in their own favor or for their own benefit, as against the general creditors. A court of equity will not suffer them to take advantage of their positions as trustees, to so manage the corporate property as to secure for them-

selves a personal advantage, to the damage of the general creditors, but will see to it that the assets shall be distributed ratably among them all. This right of all the creditors to an equal distribution of the corporate assets is the underlying principle actuating the courts in setting aside preferences obtained by those whose position of trust required that they should not "convert their powers of management, and their intimate knowledge of corporate affairs, into means of self-protection, to the harm of the other creditors." Equal distribution of assets among all the creditors is the result sought to be accomplished in all the cases, whether it be Rickerson Rolling-Mill Co. v. Farrell Foundry & Mach. Co., 23 C. C. A. 302, 75 Fed. 554, where the right of the directors to prefer their own debt is recognized, but where, under the circumstances of the case, the deed was set aside for fraud, or whether it be Consolidated Tank-Line Co. v. Kansas City Varnish Co., 45 Fed. 7, where the right to give preference was denied, and in which, on a bill filed in behalf of all the creditors, the decree directed that a deed of trust, which had been executed for the benefit of creditors who had been acting in a fiduciary capacity, be set aside, and the proceeds of the property paid a receiver, in order that they might be distributed ratably among all creditors. The case at bar does not embody this principle of equal distribution among all the creditors. The bill is filed for the benefit of the complainant alone, and not on behalf of the general creditors of the company. They can derive no benefit therefrom. All of the corporate property covered by defendants' mortgage has been sold by the receiver, and the proceeds distributed. The receiver took title subject to all the equities which rested upon the property in the hands of the debtor (Kane v. Lodor [N. J. Ch.] 38 Atl. 966), and sold only the interest he had in it (Beach, Rec. § 783); and while, as the representative of the general creditors, he might have applied to a court of equity to declare the Haliday mortgage invalid as against those whom he represented, he did not do so, and the lien of the mortgage was not devested by the receiver's sale. By this sale, made expressly subject to the Haliday mortgage, the general creditors of the corporation, for whose benefit alone the courts could be called upon to interfere, were deprived of their right to receive that equal distribution of the property of the corporation which would follow the setting aside of the preferential mortgage. The value of the property offered for sale, expressly subject to the lien of the mortgage, was depreciated by the amount of the same. Intending purchasers were deterred from bidding at the sale, and, in consequence, the property realized a less sum to the receiver. Then, too, the purchaser, the complainant herein, bought expressly subject to the defendants' mortgage. He acquired no better title to the property than the corporation itself possessed, and is therefore no more entitled to set aside the mortgage than the company itself would be. In buying subject to the mortgage, the complainant got the property for so much less that he would have been obliged to pay had it been sold freed from the incumbrance; and, for the same reason, the receiver of the corporation obtained a smaller sum for distribution among the creditors. If this mortgage be now

set aside, it is obvious that the purchaser will be allowed to violate one of the accepted conditions of the sale, in order that he may retain money which does not of right belong to him, and for which he has given no consideration. In my opinion, such an unfair position cannot be successfully maintained in a court of equity. It is urged, on behalf of the complainant, that he is entitled to be subrogated to the rights of the banks who obtained, as has been stated, judgments against the corporation. This may well be doubted. under the circumstances; but, if so, what rights against Haliday, have the plaintiffs in such suits at this time? What advantage can accrue to them by setting aside the Haliday mortgage? Before the sale of the company's assets, they might have interposed, for their own benefit, and that of all the creditors of the company, to have declared invalid the preference given to Haliday. This, however, they did not do. They stood idly by, and permitted the sale to be made expressly subject to the mortgage lien, whereby the price was greatly lessened. There is now nothing to be done by them to remedy this error, and enhance the value of the assets for the benefit either of themselves or the general creditor. To set aside, at this time, the defendants' mortgage, would not add one penny to the company's distributable assets, nor to that extent advantage a single one of the company's creditors. On the contrary, it would but swell the amount of unsecured claims, and render smaller the dividend which each creditor would be entitled to get from the receiver. The rights of these judgment creditors have been allowed to slip away, and none remain to which the complainant, for the purposes of this suit, can be subrogated. Neither as purchaser at the receiver's sale, nor as successor to the rights of a portion of the judgment creditors, is the complainant entitled to the relief for which he prays. Having come to the conclusion that the complainant has no equitable ground of relief against the defendant Haliday, it follows, of course, that he can have none against Haliday's assignees. The bill will be dismissed, with costs.